Shatjck, J.
The pleadings inform us that on the-second day of May, 1904, the state supervisor and inspector of elections, pursuant to the provisions of the-act of April 23, 1904, appointed the defendants. Gfentschj Hopkins, Fitzgerald, and Christian as members of the board of deputy state supervisors and inspectors of elections in and for the county of Cuyahoga ; that said persons duly qualified as members .of said board and organized, as required by law, and that they thereupon demanded the ballot boxes and other property used in the conduct of elections, from, the other defendants (except Coughlin and Grongwer), who refused to deliver said property, claiming-the. right to the continued possession thereof by reason of their previous appointments, some of them as members of the board of deputy state supervisors of said county and some of them as members, of the city board of elections of the city of Cleveland, in said county, the statutes under which said previous boards had been constituted having been repealed by said act of April 23, 1904. The prayer of the petition is that the defendants other than those appointed under the recent act be ousted from the asserted right to perform said functions. It is. further made to appear that before the cause can be put at issue, heard and determined upon its merits, it will be necessary that action be taken for the holding of popular elections in said county. It also appears that the members of the former boards assert, a right to continue in office and to retain possession of said property, upon the ground that the act of *346 April 23, 1904, is unconstitutional, and its repealing section, therefore, ineffectual. The defendants Coughlin and Gongwer claim a right to be appointed as members of the board created by the act of April 23, 1904, instead of Fitzgerald and Gentsch, who were appointed by the state supervisor and inspector of elections.
The case is not now prepared for submission upon its merits, but we are called upon to determine who shall exercise the official functions which public interests require to be performed, pending the determination of the cause upon its merits. The attorney general invokes that action by a motion for an order enjoining the members of former boards from interfering with the members of the board appointed under the act of April 23, 1904, and from withholding said property from their possession. It is obvious that the public interests require that some board shall exercise these controverted functions, and every consideration of propriety tends to the conclusion that the validity of the later act should be assumed until after hearing and consideration it is found to be invalid.
The text books and numerous adjudicated cases have made common knowledge of the rule that in actions in quo warranto against an incumbent to try title to an office, the court will not enjoin the incumbent from the exercise of the functions of the office pending the determination of the question of title. This is for reasons of obvious and conclusive force. The public interests require that the functions of the office be performed by some one, and to transfer their performance from the incumbent to the contestant would deny effect to the prima facie title of *347 the former and anticipate the conclusion of the court in quo warranto, that, and not injunction, being the proper suit for testing the question of title. But attention to the precise nature of the present case will show that while those considerations are applicable here, they favor the opposite conclusion. We have no controversy as to the title to any office except as to two of the defendants, and they claim to be entitled to an office from which they are now excluded. The case calls upon us to determine which is the existing office. The act of April 23,1904, assuming its validity, abolishes the former hoards and vests the functions of both in the single board in whose favor the restraining order is sought. It is not denied that the defendants, members of the former hoards, are entitled to hold the offices to which they were appointed, if the offices continue to exist; and it is conceded that the defendants who were appointed under the act of April 23,1904, are the only persons in the office which it creates. The public interests require that these functions he performed, and to say that they should not he performed by those who were appointed under the recent act would deny effect to their prima facie title and anticipate the conclusion that the act is invalid. The action which the motion invokes is, therefore, not an interference with the performance of official duty by those who have the right prima facie, hut it is for their protection in that performance from interference by rival claimants of the authority, whose right is yet to be made apparent. That the courts will afford such protection to an officer having the apparent title is shown by numerous decisions of this court and others, which are cited in the brief of the attorney general.
*348 ■ It is urged that we are without authority to make-the order which the motion contemplates. The present action is a resort to our original jurisdiction. That we have not original jurisdiction of suits for injunctions is entirely clear. If the language of section 5573, Revised Statutes, should be thought appropriate to confer it, the effect to be given to that section would, nevertheless, be indicated by section two of article four of the constitution, which ordains-that “it (the Supreme Court) shall have original jurisdiction in quo warranto, mandamus, habeascorpus and procedendo, and such appellate jurisdiction as may be provided by law.” Applying to this grant the maxim, Expressio unius est exclusio alterius, the conclusion is irresistible that the general assembly cannot add to the enumerated subjects of our original jurisdiction. Marbury v. Madison, 1 Cranch, 137; Kent v. Mahaffy, 2 Ohio St., 497. But our original jurisdiction in quo warranto is not doubted, and we have to inquire whether the desired order may be made in its exercise. In the consideration of that question the case of Yeoman v. Lasley, 36 Ohio St., 416, is suggestive. The proceeding in this court was-for the reversal of a judgment which the district, court had rendered in a suit for the foreclosure of a mortgagor’s equity of redemption. An injunction was not sought in the original suit, nor was a right-to that relief presented to the court below or considered by it. The question for ultimate determination by this court was whether the district court had erred in the decision of the case which had been presented to it. But this court, upon an application originally made here, allowed an injunction in favor of one of the parties to the proceeding in error and. *349 against his adversary for “the protection of'the rights of the parties in the suit or matter under review, on error. ” It is true that it is said in the opinion that in allowing the injunction the court was exercising appellate, and not original jurisdiction. But as it was not a part of the jurisdiction invoked by the suit and exercised or refused by the district court, it •could be regarded as appellate jurisdiction only because; the order to be made was necessary to the proper and effective exercise of the appellate jurisdiction to reverse the judgment which the district court had rendered in the suit to foreclose. It has not been suggested, and it obviously could not be maintained, that our authority for the exercise of the original jurisdiction which, the constitution confers upon us is less complete than for the exercise of the appellate jurisdiction which we' derive from the statutes. The pertinent inference from the case cited is that a court has authority to make any judicial order which, from the nature of the case, may be necessary to the effective exercise of its jurisdiction, whether original or appellate. Jurisdiction is the power to hear and determine the subject matter in controversy between the parties to a suit. Authority to determine is exercised in the form of judgments, decrees, and orders, and it implies power to make all such orders- as may be appropriate to the case presented and necessary to give practical effect to the final judgment, as well as to preserve the subject of the action, pending the final determination of the case. In Kerr et al. v. Trego, 47 Pa. St., 292, it is appropriately said that “all bodies, except the legislature, are under law, and therefore for all transgressions of the law, are *350 subject to tbe judicial power established by the constitution.” This is a public action, and its subject is the administration of the laws which provide for the conduct of popular elections. The more limited subject of inquiry started by this motion is the administration of those laws pending the case in quo warranto. Since the principal action involves its incidents, the court of common pleas, which alone has original jurisdiction of suits for injunctions, cannot with propriety, exercise that jurisdiction with respect to the subject of the action which is pending here; and it is entirely clear from the decisions- already adverted to, as well as from the obvious force of the reasons involved, that those having the apparent right should be protected in the exercise of these public functions. The power to grant an ancillary injunction for that purpose is inherent in the court which has jurisdiction of the principal subject. The case is novel only in the application of familiar principles of obvious necessity.

Motion granted.

Spear, C. J., Davis, and Crew, JJ., concur.